**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JEROME ALLEN BARGO                                                                                    PLAINTIFF
ADC #75423

V.                                          NO: 5:13CV00191 SWW/HDY

RAY HOBBS *et al.*                                                                                   DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Jerome Allen Bargo, currently incarcerated at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), on June 21, 2013. Defendants are ADC Director Ray Hobbs, Chief Deputy Director Larry May, Assistant Directors Wendy Kelley and Dina Tyler, and Varner Warden Randy Watson. On February 26, 2014, Plaintiff filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #26-#28). Defendants filed a statement of facts and a response in opposition on March 13, 2014 (docket entries #33 & #34). Plaintiff replied on April 9, 2014 (docket entry #41). Defendants filed a motion for summary judgment, a statement of facts, and a brief in support, on March 13, 2014 (docket entries #35-#37). Plaintiff filed an answer in response to Defendants' motion, a brief in support, a statement of facts, and a declaration, on April 23, 2014 (docket entries #48-#51).

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

In his complaint, Plaintiff asserts that lights at the Varner Unit are only turned off from 10:30 p.m. to 4:30 a.m. on weekdays, and from 10:30 p.m. to 6:30-7:00 a.m. on weekends and holidays. Plaintiff contends that he is unable to obtain enough sleep due to the limited period of darkness, as well as multiple interruptions for various activities which occur during the lights out time and repeatedly awaken him. Plaintiff seeks monetary relief, and injunctive relief requiring prison officials to provide a more lengthy lights out time, and rescheduling of activities that now occur during the lights out period.

In his motion for summary judgment, Plaintiff contends that the alleged sleep deprivation violates his due process rights, and his right to be free from cruel and unusual punishment. Defendants argue they are entitled to summary judgment because Plaintiff has failed to state a claim for which relief may be granted, and because they are entitled to sovereign and qualified immunity.

Although Plaintiff claims a liberty interest in adequate sleep, and access to breakfast within hours he deems more reasonable, his claim is actually a challenge to the conditions of his confinement, and is governed by the Eighth Amendment. To prevail on a condition of confinement claim, inmates must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).

There appears to be little dispute over the facts. Lights at the Varner Unit are on except for the hours of 10:30 p.m. to 4:30 a.m. on weekdays, and from 10:30 p.m. to 6:30-7:00 a.m. on weekends and holidays. During the lights out period, there are various activities, such as "pill call," "diabetic call," and breakfast. Plaintiff finds it difficult to sleep during the periods of illumination, and the activities during the lights out time interrupt his sleep during those hours.[1] Plaintiff also complains that the early breakfast time requires him to either miss breakfast, or sleep time.

There is no indication that the lighting schedule or the various "calls" at the Varner Unit are designed to interrupt inmate sleep. Rather, they are necessary to ensure appropriate medication administration or adequate time to prepare for different programs and services that involve all inmates at the unit. Although Plaintiff may prefer a different schedule, wholesale changes are not feasible. In fact, in some instances, the failure to provide medication administration and medically related food services at appropriate times could be dangerous for other inmates. The noise and

---

[1]Plaintiff can also sleep at any point after 4:30 p.m., when he is not working (docket entry #27, page #32), although he begins an evening work shift at 6:30 p.m. every day except for Thursday (docket entry #48, page #20; docket entry #51, page #5).

lighting undoubtedly make it more difficult for inmates to sleep at times. However, there is no evidence that anything about the prison's scheduling denies Plaintiff the minimal measure of life's necessities or constitutes a substantial risk of serious harm.[2] The Constitution does not mandate comfortable prisons, but it does prohibit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Circuit has in the past determined that twenty-four hour illumination of cells did not rise to the level of a constitutional violation. *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987), *Ferguson v. Cape Girardeau County*, 88 F.3d 647, 650 (8th Cir. 1996). However, those cases involved plaintiffs who were subjected to constant illumination for only a limited period of time, so they are not controlling here. This case is also distinguishable from a situation such as that in *Shepherd v. Ault*, 982 F.Supp 643 (N.D. Iowa, 1997), where the inmates were subjected to constant illumination on an indefinite basis. Here, Plaintiff is subjected to illumination for only 18 hours a day on weekdays, and somewhat less on weekends and holidays, but the situation appears to be permanent. Plaintiff has cited no legal authority from this circuit to demonstrate the conditions he has described have been found to be a constitutional violation. Additionally, although Plaintiff asserts certain medical problems can be caused by lack of sleep, he has identified no real harm he has sustained as a result of the conditions.[3] Thus, the conditions themselves are not unconstitutional, and Plaintiff has no liberty interest in any particular sleep or activity schedule that would give rise to due process protections.

---

[2] Plaintiff also cannot demonstrate that any Defendant was deliberately indifferent to his situation. Medical records Plaintiff submitted with his motion for summary judgment indicate that Plaintiff sleeps with a blinder (docket entry #27, page #62).

[3] Plaintiff does assert that he suffered a cut above his eye when he dozed off and fell off a bench once, and that he lost 15 pounds in April and May of 2013, but there is no indication of ongoing weight loss, or any medical evidence of ongoing physical or psychological problems.

Finally, even if this Court were to determine that Plaintiff has a right to additional lights out time, or that he has a right to dictate a prison schedule that essentially mandates a period of time that inmates cannot be moved or attended to, that right is not clearly established, and Defendants are therefore also entitled to qualified immunity as to any monetary claim. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"). Accordingly, Defendants' motion for summary judgment should be granted, Plaintiff's motion for summary judgment should be denied, and all other pending motions should be denied as moot.[4]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Defendants' motion for summary judgment (docket entry #35) be GRANTED and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.  All other pending motions be denied.

DATED this __30__ day of April, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] To the extent that Plaintiff is claiming a constitutional violation due to violations of prison policy, the Court notes that such allegations do not state a claim for relief. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).